PER CURIAM
This proceeding arises out of an application for reinstatement to the practice of law filed by petitioner, Attlah Deniece Burrell, a suspended attorney.
*69 UNDERLYING FACTS AND PROCEDURAL HISTORY
In 2008, the Office of Disciplinary Counsel ("ODC") filed in this court a petition for interim suspension for threat of harm, asserting that petitioner, among other things, facilitated the unauthorized practice of law by a suspended attorney and failed to adequately supervise her non-lawyer staff. On February 20, 2008, we suspended petitioner from the practice of law on an interim basis. In re: Burrell , 08-0327 (La. 2/20/08), 974 So.2d 1279.
Petitioner and the ODC later filed in this court a joint petition for consent discipline, proposing that petitioner be suspended from the practice of law for three years, retroactive to the date of her interim suspension, for her failure to properly supervise her non-lawyer staff and her facilitation of the unauthorized practice of law by a suspended attorney. On March 4, 2011, we accepted the petition for consent discipline and suspended petitioner from the practice of law for three years, retroactive to the date of her interim suspension. In re: Burrell , 11-0242 (La. 3/4/11), 56 So.3d 947.
In January 2018, petitioner filed an application for reinstatement with the disciplinary board, alleging she has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). Petitioner also filed a motion seeking a waiver of the $ 500 fee owed as an advanced deposit for the proceedings. The ODC took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law on a conditional basis for two years, subject to certain conditions. The ODC filed an objection to the hearing committee's report and recommendation, and the matter was reviewed by the disciplinary board pursuant to Supreme Court Rule XIX, § 24(H)(2).
After review, the disciplinary board recommended petitioner be reinstated to the practice of law on a conditional basis for two years, subject to the following conditions:
1. Petitioner shall be placed on supervised probation for a period of two years. Petitioner's probation monitor must be in good standing and licensed to practice law in Louisiana;
2. Within one year of being reinstated to the practice law, petitioner shall complete eight hours of CLE seminars designated for new attorneys and/or small firms and solo practitioners. These eight hours shall be in addition to the twelve-and-one-half hours of MCLE required of all licensed attorneys;
3. Petitioner shall pay the $ 500 advance deposit immediately if she has the funds available. If the funds are not available, petitioner shall address the $ 500 payment in a new payment plan with the disciplinary board. The new payment plan shall encompass the advance deposit (if not immediately paid), any cost and expenses assessed against petitioner in these reinstatement proceedings, and any outstanding disciplinary costs. Petitioner shall also immediately pay all bar dues and disciplinary assessment fees that are owed to the LSBA and the disciplinary board; and
4. The ODC shall review petitioner's compliance with the terms and conditions of her reinstatement every three months until the amounts owed are paid in full and the supervisory period has *70 expired. Should an extension of the two-year probationary period be necessary, probation may be renewed for an additional two-year period pursuant to Supreme Court Rule XIX, § 10(A)(3).
Neither petitioner nor the ODC objected to the disciplinary board's recommendation.
DISCUSSION
After considering the record in its entirety, we find petitioner has met her burden of proving that she is entitled to be reinstated to the practice of law on a conditional basis. Accordingly, we will order that petitioner be reinstated to the practice of law, subject to a two-year period of supervised probation governed by all of the conditions recommended by the disciplinary board.
DECREE
Upon review of the recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that Attlah Deniece Burrell, Louisiana Bar Roll number 24764, be immediately reinstated to the practice of law in Louisiana, subject to a two-year period of supervised probation governed by the conditions set forth herein. The probationary period shall commence from the date petitioner, the ODC, and the probation monitor execute a formal probation plan. Should petitioner fail to comply with the conditions of probation, or should she commit any misconduct during the period of probation, her conditional right to practice may be terminated immediately, or she may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.